IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

**MARTIN AND RHONDA CALLUM**,
Plaintiffs,

v.

**PRIORITY FINANCIAL SERVICES, LLC,**

-and-

**ERVIN J. KOWITZ**,

Defendants.

Civil Action No.: 1:17-cv-00623-RDB

**JOINT MOTION FOR LIMITED DISCOVERY FOR PURPOSES OF SETTLEMENT**

Plaintiffs Martin and Rhonda Callum and Defendants Priority Financial Services LLC and Ervin Kowitz, by and through undersigned counsel, move under Fed. R. Civ. P. 6(b)(1)(A), 26(d)(1), and 30(a)(2) to extend the time for Defendants to Answer the Complaint and stay all deadlines for the purpose of Plaintiffs performing limited discovery in furtherance of the parties efforts at settlement. In support thereof, the parties state as follows:

1. Plaintiffs filed a Complaint on March 2, 2017 alleging violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2601, *et. seq.*, by Defendants Priority Financial Services LLC and Ervin J. Kovitz. This case is related to *Fangman, et al. v. Genuine Title, et al.*, Civil Case No. 14-00081-RDB ("Fangman Action"), *Edmondson v. Eagle National Bank, et al.*, Civil Case No. 16-03938-RDB, and *Dobbins, et al. v. Bank of America N.A.*, Civil Case No. 17-00540-RDB, all of which are currently pending before this Court.

2. This Court extended the time for Defendants to respond to the Complaint and stayed all deadlines to allow the parties to exchange documents and information and attend a settlement conference with the Honorable Timothy Sullivan.

3. The parties exchanged information and documents, including identifying the transactions likely to comprise the class alleged in Plaintiffs' Complaint. The Settlement Conference occurred on August 24, 2017. The Settlement Conference revealed that any settlement would likely be at a significant discount to the settlements approved in the *Fangman* Action and a fraction of the statutory damages dictated by RESPA. While settlement was not reached, the parties agreed to continue the Settlement Conference to allow discovery to establish the factual record supporting such a settlement.

4. Defendants agreed to permit Plaintiffs to issue subpoenas limited to discovery of Defendants' financial dealings and ability to satisfy a judgment and/or settlement of claims.

5. In addition, following receipt of the subpoenaed documents and provided that Plaintiffs deem it necessary to do so after a review of those documents, Defendant Ervin Kowitz agreed to sit for deposition limited to testimony relevant to the Defendants' financial dealings and ability to satisfy a judgment and/or settlement of claims.

6. This discovery, as set forth in paragraphs 5 and 6, shall be deemed "Confidential" and subject to the terms set forth in the Confidentiality and Non-Disclosure Agreement executed by the parties in this case.

7. The parties agreed that the limited discovery would be for the purpose of facilitating settlement of claims and without prejudice to any Defendant's ability to raise any motion or defense to the Plaintiffs' Complaint, including any motion under Fed. R. Civ. P.

12(b)(6). Should the parties fail to agree upon a settlement of this case that is approved by the Court, Defendants agree that Plaintiffs may conduct substantive depositions designed to address liability issues, damages and defenses in this case.

8. There is good cause for the limited discovery and related extensions of time as the parties agree and believe that it will result in the efficient and timely settlement of claims and assist the Court in evaluating any settlement in subsequent proceedings.

9. For these reasons, the parties move the court for an order:

   a. Pursuant to Fed. R. Civ. P. 26(d)(1) and 30(a)(2), permitting the limited discovery described above to include an order:

      i. For Defendant Ervin Kowitz to sit for deposition within 90 days, and

      ii. Permitting Plaintiffs to issue records subpoenas for a period of 90 days.

   b. Pursuant to Fed. R. Civ. P. 16, continuing the Settlement Conference until 60 days following the limited discovery period described above; and

   c. Pursuant to Fed. R. Civ. P. 6(b)(1)(A), continuing the stay of all other deadlines for 30 days following the termination of the Settlement Conference.

Respectfully submitted,

_______/s/_____________________
Michael Paul Smith, Esq. #23685
Melissa L. English, Esq. #19864
Sarah A. Zadrozny, Esq. #13911
Smith, Gildea & Schmidt, LLC
600 Washington Avenue, Suite 200
Towson, MD 21202
(410) 821-0070 / (410) 821-0071 (fax)
Email: mpsmith@sgs-law.com
menglish@sgs-law.com
szadrozny@sgs-law.com
*Counsel for Plaintiffs and Class Members*

_________/s/________________
Vicki L. Dexter, Esq. # 03171
Irwin Green & Dexter, L.L.P.
301 W. Pennsylvania Avenue
Towson, Maryland 21204
(410) 832-0111 / (410) 832-5544(fax)
Email: vdexter@igdlaw.com
*Counsel for Defendants*

______/s/____________________
Timothy F. Maloney, Esq. #03381
Veronica B. Nannis, Esq. #15679
Joseph, Greenwald & Laake, PA
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 / (301) 220-1214 (fax)
Email: tmaloney@jgllaw.com
vnannis@jgllaw.com
*Co-Counsel for Plaintiffs and Class Members*

**CERTIFICATE OF SERVICE**

I hereby certify, this 29th day of August, 2017, that copies of the foregoing Joint Motion For Limited Discovery For Purposes Of Settlement was served via this Court's CM/ECF system to counsel of record for all parties.

____/s/______________________
Melissa L. English, Esq. #19864